**HOLZER SHEET METAL WORKS, Inc., v. ARCH CONST. CO. OF LOUISIANA, Inc.**

**No. 14091.**

Court of Appeal of Louisiana. Orleans.

May 30, 1932.

Norman R. Tilden and Thos. J. Dobbins, both of New Orleans, for appellant.

Eugene S. Hayford, of New Orleans, for appellee.

JANVIER, J.

Holzer Sheet Metal Works, Inc., on September 14, 1931, filed suit against Arch Construction Company of Louisiana, Inc. According to the return made by the deputy constable, citation and accompanying copy of the petition were served on September 21, 1931, on "Arch Construction Co. of La. Inc, through J. L. Bouche Sec. Tres (in person) there being no other officers present."

Arch Construction Company of Louisiana, Inc., failed to appear and answer, and, accordingly, judgment by default was rendered for plaintiff as prayed for.

On October 14, 1931, long after the expiration of the time within which an appeal might have been taken, Arch Construction Company brought this action in which it seeks the annulment of the said judgment.

The ground set forth for the annulment of the judgment is: "That there has been no service or citation on any officer of the Arch Construction Company or the Arch Construction Company of Louisiana, Inc., of any petition or other pleadings in this cause and that judgment herein rendered is invalid and of no effect."

In support of the petition for annulment evidence was introduced showing that prior to the time at which the citation was served on Bouche as secretary-treasurer of Arch Construction Company of Louisiana, Inc., his entire connection with that company had terminated. For this reason judgment was rendered annulling the former judgment.

We think the judgment should not have been annulled. The provisions of paragraphs 2 and 3 of section 37 of Act No. 250 of 1928 apparently were overlooked by our brother below.

In paragraph 2 of the said section it is provided that: "Every corporation shall by resolution of its board of directors appoint not less than two natural persons of full age who are residents of the parish in which the corporation's registered office is located, upon either or any of whom legal process or other notices or demands, required or permitted to be made on the corporation, may be served."

In paragraph 3 we find that: "In case the corporation has failed to designate agents for the service of process as required in the

preceding paragraph, or in the event of the occurrence of a vacancy in any such agency for any cause, and pending the appointment of a successor agent or agents, and the filing of notice as aforesaid, any process, notice or demand served upon any officer, director or resident agent named in the articles, or in the last report previously filed with the Secretary of State, or on any employee over the age of sixteen years found in the corporation's registered office, or in any place where the business of the corporation is regularly conducted, shall be deemed valid service on the corporation. * * * "

The evidence shows that Bouche was originally secretary-treasurer of Arch Construction Company of Louisiana, Inc., and that none of the requirements of paragraph 2, with reference to the designation of agents for the service of process, have been complied with by said company. It follows that service upon Bouche, originally secretary-treasurer of the company, is a valid service upon the corporation.

The judgment appealed from is annulled, avoided, and reversed, and the petition to annul the judgment rendered on September 28, 1931, is dismissed at the cost of Arch Construction Company of Louisiana, Inc.

Judgment reversed.